UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL Nos. 9:99cr16 |
| | § | 1:04cr34 |
| LADERRICK DEKEITH MCCOLLISTER | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On December 16, 2005, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Laderrick Dekeith McCollister ("McCollister"). The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by court appointed counsel, Greg Waldron. Defendant was simultaneously serving terms of supervised release stemming from two separate criminal cases: 9:99cr16 and 1:04cr34. The government bases its petitions for revocation of both terms of supervised release on the same set of circumstances, but for clarity, the court will consider each of the petitions separately, beginning with case number 9:99cr16.

Defendant originally plead guilty in case number 9:99cr16 to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), a Class B felony. On January 20, 2000, U.S. District Judge John Hannah sentenced the defendant to 63 months in prison followed by 4 years supervised release, and on November 19, 2004, defendant completed his term of imprisonment and began service of his term of supervised release.

Under the conditions of supervised release, defendant was prohibited from committing any federal, state, or local crime. The government alleges that on or about April 23, 2005, the

1

defendant fraudulently wrote a check for $575.00 on the account of Ace Logging, under the name Kim Rash. If the court finds by a preponderance of the evidence that defendant violated the terms of his supervised release by making a writing with the intent to defraud or harm another, a sentence of no longer than 3 years may be imposed. 18 U.S.C. § 3583(e).

The federal sentencing guidelines prescribe ranges of imprisonment within the limits set forth in 18 U.S.C. § 3583(e)(3) based on the defendant's criminal history category and the severity of the violation. According to the guidelines, defendant carries a criminal history category of II and committed a Grade B violation by writing a fraudulent check. U.S.S.G. § 7B1.1(a)(3). Therefore, if the court finds that defendant wrote this fraudulent check, defendant's term of supervised release must be revoked and a term of imprisonment between 6 and 12 months may be imposed. U.S.S.G. § 7B1.4(a).

The government alleges the same violation in support of its motion to revoke defendant's supervised release in case number 1:04cr34. However, the defendant's criminal history category increased from II in the original case to III in this case, which alters how the sentencing guidelines applied to the underlying offense, and to revocation of supervised release.

On September 2, 2004, defendant plead guilty to the offense of escaping from federal custody, a Class D felony, and was sentenced by the Honorable Marcia A. Crone of the Eastern District of Texas to 8 months in prison followed by a 3 year term of supervised release. On November 19, 2004, McCollister completed his term of imprisonment and began service of the term of supervised release. As defendant was originally convicted of a Class D felony, the court may impose a sentence of no longer than 2 years upon finding that he violated the conditions of supervised release. 18 U.S.C. § 3583(e).

The government moves for revocation based on the same allegation contained in its petition for case number 9:99cr16, namely that defendant wrote a fraudulent check. However, when defendant was convicted of the underlying offense in case number 9:99cr16, he carried a criminal history category of II, which meant the guideline range for revocation of supervised release in that case stretched from 6 to 12 months. In this case related to the charge of escaping from federal custody, case number 1:04cr16, defendant carries a criminal history category of III, which means that the guideline range for the same violation is 8 to 14 months.

Faced with the government's evidence, defendant plead True to violating a condition of release in two separate cases, 9:99cr34 and 1:04cr16, by writing a fraudulent check. The government recommended the Court impose a term of imprisonment of 12 months for each violation, with the sentences to be served concurrently, and the defendant had no objection to the government's recommendation.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the defendant, Laderrick Dekeith McCollister, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months for each violation, the sentences to be served concurrently, with no supervised release to follow.

**SIGNED** this **20** day of **December, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE